
RECEIVED
APR 30 2019 Jk^
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT
FOR
THE EASTERN DISTRICT NORTH CAROLINA
WESTERN DIVISION

NIKKO WRIGHT, Pro Se
     (Plaintiff)

    v.

                          **civil#**

Officer Kevin Crenshaw
Butner Correctional Complex
Old N. Carolina Hwy 75
Butner N.C 27509

### PLAINTIFF NIKKO WRIGHT PRO SE CIVIL ACTION

Comes now the plaintiff Nikko Wright, pro se, who files this Bivens Action and the American With Disabilities Act against the above named defendant Officer K. Crenshaw being sued in his official and personal capacity. Procedurally in support of this legal action I submit the following:

### JURISDICTION VENUE AND ADMINISTRATIVE REMEDY EXHAUSTION

On February 19, 2019 the plaintiff did file and make a good faith attempt at filing the first stage of the Bureau Of Prisons Administrative Remedy process. (see attached exhibit A and A1) request for admin. remedy form.

That admin. remedy form was submitted to the plaintiff counselor Ms. Forte for processing and resolution on the same day at 3:27pm. (see attached exh. A) signed acknowledgement of counselor Ms. Forte.

It has now been more then sixty (60) days since the official filing of that remedy with no procedural processing or response that are pass due.

Due to The Bureau Of Prisons (BOP) own policy and regulations governed by time retraints incorporated into the admin. remedy process -- By failing to file a procedural response within those time restraints (barring no official request for an extension of time) -- Any further attempts at admin. remedy resolution are exhausted.

MoreOver, as the BOP has waived as exhausted the admin. remedy process here by failing to file a timely response , process plaintiff remedy or request an e

-1-

extension of time, this court now has jurisdiction automatically confered upon it.

**CONSTITUTIONAL CLAIMS**

The plaintiff submits that the defendant Officer Kevin Crenshaw has violated his constitutional 4th, 5th, 8th and 14th amendment rights while acting in his personal and official capacity.  In addition to his rights under the ADA.

**FACTS**

The plaintiff is a partially paralyzed inmate currently serving a federal prison sentence here at The Federal Prison Camp- Butner.  As he is dis-abled his assigned medical care level is two (2)...

During the noon meal on February 19, 2019 upon entering the inmate dining hall, Ofcr. Crenshaw told the plaintiff to move to the end of the chow line.  Where as the plaintiff would have been number three (3) in the chow line, ofcr. Crenshaw moved him to the sixtieth (60th) place in that line.

Being partially paralyzed the plaintiff has a medical restriction to perform 'no prolonged standing'...

This 'no prolonged standing' restriction is in place due to the sever pain and physical discomfort that would occur from prolonged standing i.e standing for more then five (5) or six (6) minutes at a time.

Before the plaintiff relocated himself per ofc'r Crenshaw orders to the 60th place in the chow line, he carefully attempted to explain his medical condition with restrictions to him which are clearly visually obvious, to which he totally dis-regarded and dis-missed him with the statement "Well I look at yall all the same" i.e disability or no disability ; blind or not blind.....

Inmates who are physically able to are expected per policy to form a single file line in the chow hall ; Physically disabled inmates are exempted from that policy.

Consequently, the plaintiff was forced by ofcr Crenshaw to stand for more then twenty (20 ) minutes -- Enduring the expected sever pain to his limbs and mind. Due to this physical stress and dis-regard of plaintiff medical condition he did experience sever pain, uncontrollable muscle spasms, sleeplessness and anixety..

-2-

The average wait time per inmate to be served in the chow line during the noon meal which is the longest meal of the day is thirty (30 ) seconds per inmate.

Subsequently as it is the plaintiff legal and constitutionally protected right to do he did file a admin. remedy request action against ofcr Crenshaw which BOP st staff has refused to process per policy, thereby concealing ofcr Crenshaw conduct.

Consequently, upon ofcr Crenshaw being informed that the plaintiff had filed an admin. remedy request against him -- He began a series of retalitory actions against him including acting under a pretextual guise of security concerns by se searching the plaintiff living space ; the totally trashing everything in his dorm cube ; taking the plaintiff self carry medications and pouring them out on the floor then standing on them ; taking some of his personal property and filing a false incident report while getting another officer to aid him (that officer conduct is not apart of this civil action at this time, nor the other BOP staff to include unit team members) resulting in the lost of some of plaintiff priveleges.

Once again the plaintiff did document all of this in a request for admin. remedy which he again filed with his unit team.

Subsequently the plaintiff has gained a learned first hand experience of officer Crenshaw retaliation tactics against himself and other disabled and vulnerable inmates.

Specifically, as including himself (the plaintiff) he has retaliated against him by filing a false incident report ; Threatening with placement in segregated restricted housing (lock up) ; Using food as punishment ; The malicious inflicting of physical and emotional pain ; And the taking and destroying of his personal property.

Officer Crenshaw thrives off abusing his authority and power over disabled and vulnerable inmates by forcing them thru intimidation and threats to be in fear of him -- To this part he has convinced me.

### RELIEF REQUESTED

!. Injunctive relief in that the BOP will be directed to protect the plaintiff from ofcr Crenshaw in his continued acts of threats, intimidation, harassment,

-3-

force, retaliation and physical/mental abuse and harm.

2. Injunctive relief from Officer Crenshaw continued violations of the ADA that as I am a disabled and vulnerable person I am protected by the act.

3. Declaratory relief in that Officer Crenshaw has violated plaintiff statutory and constitutional rights.

4. Compensatory relief in that Officer Crenshaw be responsible for the re-compensating to plaintiff of all monies for the preparation, assistance, copyiing filing fee's and litigation fee's of this civil action.

5. Punitive damages in the amount of 100,000.00 against Officer Crenshaw.

6. Any and all other relief the court and statutes or plaintiff may deem just fair and proper that exist or may so become available during the pendency of this civil action not specifically mentioned herein.....

Respectfully Submitted,

Nikko Wright, Pro Se

-4-