RECEIVED

JUN 5 2019

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

# United States District Court
### Eastern District of North Carolina
### Western Division

Case No. 5:19-CT- 3/22-D

(To be filled out by Clerk's Office only)

NiKKO WRIGHT, PRO SE

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

Inmate Number 62085-037

-against-

OFFicer KEVIN CRENSHAW, eT, AL

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

# COMPLAINT
*(Pro Se* Prisoner)

Jury Demand?
☒ Yes
☐ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Case 5:19-ct-03122-D    Document 4    Filed 06/05/19    Page 1 of 14

## I.   COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☐   42 U.S.C. § 1983 (state, county, or municipal defendants)

☒   Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐   Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II.   PLAINTIFF INFORMATION

NiKKO WRIGHT
Name

62085-037
Prisoner ID #

Federal PRISon CAMP- BuTner
Place of Detention

PO Box 1000
Institutional Address

Butner                          N.C                    27509
City                            State                  Zip Code

## III.   PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐   Pretrial detainee   ☐ State   ☐ Federal
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced state prisoner
☒   Convicted and sentenced federal prisoner

## IV.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:   KEVIN CRENSHAW

Name

Correctional Officer

Current Job Title

OID NORTH CAROlinA HWy 75

Current Work Address

ButNer                          NiC                    27509

City                                State                  Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Defendant 2:

Name

Current Job Title

Current Work Address

City                                State                  Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

## Defendant(s) Continued

Defendant 3: _____

Name

_____

Current Job Title

_____

Current Work Address

_____

City                  State             Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

Defendant 4: _____

Name

_____

Current Job Title

_____

Current Work Address

_____

City                  State             Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

Page 4 of 10

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _SEE ATTACHED Complaint_

Date(s) of occurrence: _SEE ATTACHED Complaint_

State which of your federal constitutional or federal statutory rights have been violated:

_SEE ATTACHED Complaint_

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

_SEE ATTACHED Complaint_

Who
did what to
you?

Case 5:19-ct-03122-D   Document 4   Filed 06/05/19   Page 5 of 14

**What happened to you?**

**When did it happen to you?**

**Where did it happen to you?**

Case 5:19-ct-03122-D    Document 4    Filed 06/05/19    Page 6 of 14

| What was your injury? |
|---|

Case 5:19-ct-03122-D     Document 4     Filed 06/05/19     Page 7 of 14

## VI.   ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?   ☑ Yes   ☐ No
        If no, explain why not:

_____

_____

_____

_____

_____

Is the grievance process completed?   ☐ Yes   ☑ No
        If no, explain why not:
        SEE ATTACHED COMPLAINT
_____
*NO RESPONSE / INSTITUTION REFUSED TO PROCESS
_____

_____

## VII.   RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

        SEE ATTACHED COMPLAINT
_____

_____

_____

_____

_____

_____

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a      ☐ Yes   ☑ No prisoner?

If yes, how many? _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

05-06-19
Dated

Plaintiff's Signature

NiKKO  WRIGHT
Printed Name

62085-037
Prison Identification #

PO BX 1000            ButNer            N.C            27509
Prison Address         City              State          Zip Code

NIKKO WRIGHT, Pro Se
      (Plaintiff)

    v.

                                      **civil#**

Officer Kevin Crenshaw
Butner Correctional Complex
Old N. Carolina Hwy 75
Butner N.C 27509

### PLAINTIFF NIKKO WRIGHT PRO SE CIVIL ACTION

Comes now the plaintiff Nikko Wright, pro se, who files this Bivens Action and under the American With Disabilities Act against the above named defendant Officer K. Crenshaw being sued in his official and personal capacity. Procedurally in support of this legal action I submit the following:

### JURISDICTION VENUE AND ADMINISTRATIVE REMEDY EXHAUSTION

On February 19, 2019 the plaintiff did file and make a good faith attempt at filing the first stage of the Bureau Of Prisons Administrative Remedy process. (see attached exhibit A and A1) request for admin. remedy form.

That admin. remedy form was submitted to the plaintiff counselor Ms. Forte for processing and resolution on the same day at 3:27pm. (see attached exh. A) signed acknowledgement of counselor Ms. Forte.

It has now been more then sixty (60) days since the official filing of that remedy with no procedural processing or response that are pass due.

Due to The Bureau Of Prisons (BOP) own policy and regulations governed by time retraints incorporated into the admin. remedy process -- By failing to file a procedural response within those time restraints (barring no official request for an extension of time) -- Any further attempts at admin. remedy resolution are exhausted.

MoreOver, as the BOP has waived as exhausted the admin. remedy process here by failing to file a timely response , process plaintiff remedy or request an e

-1-

extension of time, this court now has jurisdiction automatically confered upon it.

## CONSTITUTIONAL CLAIMS

The plaintiff submits that the defendant Officer Kevin Crenshaw has violated his constitutional 4th, 5th, 8th and 14th amendment rights while acting in his personal and official capacity. In addition to his rights under the ADA.

## FACTS

The plaintiff is a partially paralyzed inmate currently serving a federal prison sentence here at The Federal Prison Camp- Butner. As he is dis-abled his assigned medical care level is two (2)...

During the noon meal on February 19, 2019 upon entering the inmate dining hall, Ofcr. Crenshaw told the plaintiff to move to the end of the chow line. Where as the plaintiff would have been number three (3) in the chow line, ofcr. Crenshaw moved him to the sixtieth (60th) place in that line.

Being partially paralyzed the plaintiff has a medical restriction to perform 'no prolonged standing'...

This 'no prolonged standing' restriction is in place due to the sever pain and physical discomfort that would occur from prolonged standing i.e standing for more then five (5) or six (6) minutes at a time.

Before the plaintiff relocated himself per ofc'r Crenshaw orders to the 60th place in the chow line, he carefully attempted to explain his medical condition with restrictions to him which are clearly visually obvious, to which he totally dis-regarded and dis-missed him with the statement "Well I look at yall all the same" i.e disability or no disability ; blind or not blind.....

Inmates who are physically able to are expected per policy to form a single file line in the chow hall ; Physically disabled inmates are exempted from that policy.

Consequently, the plaintiff was forced by ofcr Crenshaw to stand for more then twenty (20 ) minutes -- Enduring the expected sever pain to his limbs and mind. Due to this physical stress and dis-regard of plaintiff medical condition he did experience sever pain, uncontrollable muscle spasms, sleeplessness and anixety..

-2-

The average wait time per inmate to be served in the chow line during the noon meal which is the longest meal of the day is thirty (30 ) seconds per inmate.

Subsequently as it is the plaintiff legal and constitutionally protected right to do he did file a admin. remedy request action against ofcr Crenshaw which BOP st staff has refused to process per policy, thereby concealing ofcr Crenshaw conduct.

Consequently, upon ofcr Crenshaw being informed that the plaintiff had filed an admin. remedy request against him -- He began a series of retalitory actions against him including acting under a pretextual guise of security concerns by se searching the plaintiff living space ; the totally trashing everything in his dorm cube ; taking the plaintiff self carry medications and pouring them out on the floor then standing on them ; taking some of his personal property and filing a false incident report while getting another officer to aid him (that officer conduct is not apart of this civil action at this time, nor the other BOP staff to include unit team members) resulting in the lost of some of plaintiff priveleges.

Once again the plaintiff did document all of this in a request for admin. remedy which he again filed with his unit team.

Subsequently the plaintiff has gained a learned first hand experience of officer Crenshaw retaliation tactics against himself and other disabled and vulnerable inmates.

Specifically, as including himself (the plaintiff) he has retaliated against him by filing a false incident report ; Threatening with placement in segregated restricted housing (lock up) ; Using food as punishment ; The malicious inflicting of physical and emotional pain ; And the taking and destroying of his personal property.

Officer Crenshaw thrives off abusing his authority and power over disabled and vulnerable inmates by forcing them thru intimidation and threats to be in fear of him -- To this part he has convinced me.

### RELIEF REQUESTED

!. Injunctive relief in that the BOP will be directed to protect the plaintiff from ofcr Crenshaw in his continued acts of threats, intimidation, harassment,

-3-

force, retaliation and physical/mental abuse and harm.

2. Injunctive relief from Officer Crenshaw continued violations of the ADA that as I am a disabled and vulnerable person I am protected by the act.

3. Declaratory relief in that Officer Crenshaw has violated plaintiff s statutory and constitutional rights.

4. Compensatory relief in that Officer Crenshaw be responsible for the re-compensating to plaintiff of all monies for the preparation, assistance,copyiing filing fee's and litigationofee's of this civil action.

5. Punitive damages in the amount of 100,000.00 against Officer Crenshaw.

6. Any and all other relief the court and statutes or plaintiff may deem just fair and proper that exist or may so become available during the pendency of this civil action not specifically mentioned herein.....

Respectfully Submitted,

Nikko Wright, Pro Se

-4-